DAVID REEVES. The (HOLLYDAY v.). See Case No. 6,625.

DAVIDS (RILEY v.). See Case No. 11,837.

## Case No. 3,598.

### In re DAVIDSON.

[2 Ben. 506;[1] 2 N. B. R. 114 (Quarto, 49).]

District Court, E. D. New York. Sept. Term, 1868.

BANKRUPTCY—CONFLICT OF JURISDICTION — TITLE TO PROPERTY—PRACTICE.

1. Where property had been levied on by a sheriff as the property of D., and was duly taken from his possession in a suit of claim and delivery brought in a state court by other parties who claimed to own it, and who gave the usual undertaking for its return, if such return was adjudged, and in due course of such suit it was delivered to the plaintiffs, and a warrant in bankruptcy having been issued in proceedings against D., the marshal, under such warrant, took the property from the plaintiffs' possession and delivered it to the assignee in bankruptcy, and they applied on affidavits for an order directing the assignee to deliver it back to them: Held, that the case was not one of any conflict between the marshal and the officers of the state court.

2. The remedy of the parties was by a suit against the marshal or the assignee, or by bill in equity or petition.

3. The motion must be denied, but that the assignee should make no disposal of the property for ten days, to enable the parties to take proceedings to protect themselves.

This was a motion for an order directing the assignee in bankruptcy to surrender the possession of certain coal, held by him as part of the property of one George J. G. Davidson, a bankrupt. It appeared from the papers that the coal in question, when in possession of Davidson, was levied on by the sheriff, by virtue of an execution against Davidson. Subsequently it was taken from the possession of the sheriff by the coroner,

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

by virtue of proceedings for claim and delivery instituted in the supreme court of the state by the parties now moving, who were the original owners of the coal, and who insisted that the title to the coal never passed from them to Davidson for the reason that he obtained possession by reason of fraudulent representation. At the time the coroner took possession of the property, he received from the plaintiffs in replevin an undertaking, as required by the statute, for the return of the property, if return thereof should be adjudged, and for the payment of such sum as might, for any cause, be recovered against the plaintiffs. And no return of the property having been required by the defendant in that action, as might have been done under the statute, the property was delivered by the coroner to the plaintiffs in replevin, from whom it was, however, taken by the marshal of the United States, by virtue of a warrant in bankruptcy, issued out of this court against Davidson. Subsequently, the marshal delivered the property to the assignee in bankruptcy, who held the same as property of the bankrupt, and claimed title thereto by virtue of the assignment in bankruptcy. Upon such a state of facts, the plaintiffs in replevin moved the court, upon affidavits, for a summary order, directing the assignee to deliver them the property.

BENEDICT, District Judge. The facts presented in these papers do not make out a case of conflict between the marshal and the officers of the state court as to the possession of the property in question; nor do they require the interference of the court by its summary order to avoid a conflict of jurisdiction. This property has not been taken by the marshal from the officers of any court, but from private persons, who claim to be the owners of it. No interference with the process of the state court, by any officer of this court, is shown, and no officer of the state court makes application to this court for protection. The remedy of these parties, therefore, is not by an application like the present, but by an action at law against the marshal or the assignee; or, perhaps, by a bill in equity, where all the rights of all parties could be passed on and determined; or by a petition in accordance with the suggestion made by the supreme court, in Buck v. Colbath, 3 Wall. [70 U. S.] 347. It might be that the present proceeding could, without injustice, be treated as such petition; but I forbear to do so, in order to give these parties opportunity to indicate, by a formal petition, a clear intention to submit the question of their title in this property to the determination of the court.

The motion is therefore denied, but the assignee will forbear to make any disposal of the property for the space of ten days, unless by consent of the parties here moving, to enable them to take such proceedings to protect their rights as they may be advised.